1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY BERNARD SMITH,

11          Petitioner,                    No. CIV S-03-1871 LKK KJM P

12       vs.

13   ANTHONY P.  KANE, Warden,

14          Respondent.              ORDER

15   _____/

16       Petitioner, a state prisoner proceeding through counsel, has filed this application for a

17   writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States

18   Magistrate Judge pursuant to 28 U.S.C. § on all the parties and which contained notice to all

19   parties that objections to the findings and recommendations were to 636(b)(1)(B) and Local

20   General Order No. 262.

21       On March 20, 2007, the magistrate judge filed findings and recommendations which

22   were served be filed within twenty days.  Both parties filed objections.

23       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304,

24   this court has conducted a de novo review of this case.  Having carefully reviewed the entire file,

25   the court determines that the findings and recommendations are supported by the record and by

26   proper analysis.

1    Although the court adopts the findings and recommendations, it is worth remarking on

2  respondents' objections, which are lengthy and detailed.  Respondents argue that the California

3  Court of Appeal's decision was not objectively unreasonable in light of clearly established

4  federal law.  Respondents contend that the magistrate judge misinterpreted and misapplied three

5  key Supreme Court cases: Lowenfield v.  Phelps, 484 U.S. 231 (1988), Quercia v. United States,

6  289 U.S. 466 (1933), and Early v.  Packer, 537 U.S. 3 (2002).  Having independently reviewed

7  these cases, this court finds that the cases were properly interpreted and applied by the

8  magistrate judge.

9    First, contrary to respondents' contention, Lowenfield v.  Phelps merely sets forth the

10  standard for assessing jury coercion claims.  Respondents' argument that the Supreme Court has

11  yet to clearly state what amounts to coercion is without merit.  Lowenfield specifically addresses

12  jury coercion and directs courts to examine the totality of circumstances by "consider[ing] the

13  supplemental charge given by the trial court 'in its context and under all the circumstances.'"

14  Lowenfield, 484 U.S. at 237.  For this reason, the magistrate judge properly relied on Lowenfield

15  in reaching her holding.

16    Second, the magistrate judge did not, as respondents contend, misinterpret Quercia, 289

17  U.S. 466 (1933).  The magistrate judge correctly relied on the primary holding of the case,

18  namely, that a judge may "express his opinion upon the facts, provided he makes it clear to the

19  jury that all matters of fact are submitted to their determination." Quercia, 289 U.S. at 469.  That

20  the Quercia court also addressed the situation of a judge adding to the evidence is irrelevant for

21  the purposes of the pending petition.

22    Third, and finally, respondents argue that the magistrate judge failed to properly apply

23  Early v.  Packer, 537 U.S. 3 (2002).  In Early, the Supreme Court reversed the Ninth Circuit's

24  finding that the state court's determination of jury coercion was unreasonable.  The Supreme

25  Court found that the state court had in fact mentioned all the circumstances petitioner argued had

26  caused the coercion. Id. at 9.  In the case at bar, the state court did not mention all of the

1  circumstances raised by petitioner.  For example, as the magistrate judge explained, the state

2  court failed to consider the portion of the <u>Allen</u> instruction directed at Juror Ten.  <u>See</u> Findings

3  and Recommendations at 22:10-23:7.  For this reason, the court agrees with the magistrate

4  judge's conclusion that <u>Early</u> is distinguishable.

5          In sum, it is evident that the magistrate judge properly accounted for and applied the

6  relevant Supreme Court cases on the issue of jury coercion.  Accordingly, respondents'

7  objections are unavailing.  The court orders as follows:

8          1.      The findings and recommendations filed on March 20, 2007, are adopted in full;

9                  and

10         2.      Petitioner's application for writ of habeas corpus is GRANTED as to the jury

11                 coercion claim but is denied in all other respects.

12     IT IS SO ORDERED.

13     DATED: August 2, 2007.

15     _____
       LAWRENCE K. KARLTON
16     SENIOR JUDGE
       UNITED STATES DISTRICT COURT

3