IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY BERNARD SMITH, JR.

   Petitioner,      No. CIV S-03-1871 LKK KJM P

  vs.

B. CURRY, et al.

   Respondents.     <u>ORDER</u>

_____/

   Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. On August 3, 2007, the court granted petitioner's claim of jury coercion but denied the petition in all other respects. Respondents appealed the court's ruling and petitioner cross–appealed. On September 8, 2009, the U.S. Court of Appeals for the Ninth Circuit affirmed the grant of the petitioner's jury coercion claim and the denial of all other claims. <u>See</u> Docket No. 83. The Ninth Circuit issued its mandate on November 30, 2009. <u>See</u> Docket No. 84. Two days later, petitioner moved this court to "issue an order and writ of habeas corpus" pursuant to the Ninth Circuit's decision. Mot. at 1 (Docket No. 85). Respondents have filed an opposition to the motion. <u>See</u> Response (Docket No. 86).

   The jury coercion claim concerns Count Four of the multiple-count information on which petitioner was originally tried, convicted and sentenced. Count Four charged petitioner


with forced oral copulation, for which he received an indeterminate sentence of twenty-five years to life. Petitioner received a determinate sentence of twenty years for the first three counts – a single count of burglary and two counts of robbery. See Answer at 8 (Docket No. 32). The indeterminate sentence for Count Four ran consecutively to the determinate term of twenty years. Id.

Petitioner requests relief in the form of a proposed order directing that he "be released from custody if the State does not commence a new trial on Count Four of the information within sixty days." Mot. at 3. It is true that the Ninth Circuit's decision effectively invalidates his sentence on Count Four, but petitioner has not begun to serve that sentence. Because petitioner was convicted in September 1998, he is still serving out his twenty-year determinate sentence, which is unaffected by the partial grant of the petition. See Cal. Penal Code §§ 669, 2933.1 and 667.5.[1] Given these circumstances, release from custody based on the grant of the jury coercion claim would grossly exceed the bounds of the court's power to issue a writ of habeas corpus. Therefore the undersigned will not recommend that the court order the petitioner's release.

While it is true that neither this court's order granting the claim of jury coercion nor the Ninth Circuit's decision affirming it specifies the relief that should follow, there is no appropriate measure other than a partial grant of the petition. See Harvest v. Castro, 531 F.3d 737, 744 (9th Cir. 2008) (stating that "habeas corpus is, at its core, an equitable remedy, and ... courts have broad discretion in conditioning a judgment granting habeas relief") (internal citations and quotations omitted). Respondents, however, ask that the court hold its order in

---

[1] Cal. Penal Code § 669 states that a determinate sentence must be served before a consecutive indeterminate sentence commences; § 2933.1 states that for violent felonies listed in § 667.5, an inmate may earn no more than fifteen percent worktime credit toward the reduction of actual time served; and § 667.5 includes robbery and first degree burglary as violent felonies. Though the court cannot discern from the record exactly how much time petitioner has remaining to serve out his determinate sentence, the maximum fifteen percent reduction for worktime credit makes it mathematically impossible for him to have completed that sentence.

abeyance until the ninety-day period for filing a petition for writ of certiorari before the U.S. Supreme Court has expired or until such a petition is denied.  See Response at 2-3 (Docket No. 86).  Respondents do not (and need not at this point) represent that they actually will appeal to the Supreme Court, nor do they address the contingency that a petition for writ of certiorari, once filed, might be granted.  Nonetheless, the court finds that, given petitioner's uncompleted determinate sentence, allowing respondents time to decide whether they will petition the Supreme Court is efficient and equitable.  Therefore the court will hold its final recommendation in abeyance until respondents apprise it that (1) respondents have filed a petition for writ of certiorari or (2) the time for filing a petition for writ of certiorari has expired, whichever occurs first.  Respondents' notice must be filed within five days of the triggering event.

Accordingly, IT IS HEREBY ORDERED that:

1. Court review of petitioner's motion for an order and writ of habeas corpus (Docket No. 85) is held in abeyance; and

2. Respondents will notify the court that they have filed a petition for writ of certiorari before the U.S. Supreme Court, or that the time for such filing has expired, whichever occurs first.  Respondents' notice must be filed within five days of the triggering event requiring the filing of a notice.

DATED:  January 4, 2010.

_____
U.S. MAGISTRATE JUDGE

4
smit1871.ord

3